IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| CAROL HELMS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-6081-CV-SJ-GAF |
| ROCKWOOL INDUSTRIES, INC., et al., | ) |
| Defendants. | ) |

## ORDER DENYING MOTION TO REMAND

Presently before the Court is Plaintiff Carol Helms' ("Plaintiff") Motion to Remand filed pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1447(c). (Doc. #9). Plaintiff argues removal in this case is improper because an exception to the Class Action Fairness Act of 2005 ("CAFA") applies. (Doc. #10). For the reasons set forth below, Plaintiff's Motion is DENIED.

## DISCUSSION

### I. Background[1]

On August 21, 2008, Plaintiff, individually and as class representative, filed her original Class Action Petition - Medical Monitoring ("Original Petition") in the Circuit Court of Clinton County, Missouri, against Defendants Rockwool Industries, Inc. ("Rockwool"); The Susquehanna Corporation ("Susquehanna"); Eteroutremer S.A. ("Eteroutremer"); SEEI Holdings, Inc. ("SEEI"); Midwest Hanger Co. ("Midwest Hanger"); and Loren Brookshier (collectively "the Rockwool Defendants"). (Original Petition). Plaintiff asserted the Rockwool Defendants' alleged release of

---

[1] All facts are taken from Plaintiff's Amended Class Action Petition - Medical Monitoring ("Amended Petition") unless otherwise noted.

1

lead, arsenic, and other chemicals resulted in the injuries Plaintiff and other members of the class suffered. *Id.* Thereafter, on April 23, 2009, Plaintiff amended her Petition, adding Defendants Prime Tanning Corp. ("Missouri Prime"); Prime Tanning Co., Inc. ("Prime Holding"); National Beef Leathers Co. LLC ("NBL"); and Rick Ream (collectively "the Tannery Defendants").

Missouri Prime is a wholly-owned subsidiary of Prime Holding. However, throughout the Amended Petition, Plaintiff refers to Missouri Prime and Prime Holding as one, and does not distinguish the liability sought from Prime Holding as vicarious. In fact, the terms "vicarious liability," "indemnification," or "contribution" do not appear in the Amended Petition. Plaintiff makes four separate counts against all Defendants and one count against Missouri Prime and Prime Holding without distinguishing each Defendant's alleged conduct that makes it liable for Plaintiff's and other class members' injuries.

Prime Holding is a Maine corporation with its principal place of business in Maine. Susquehanna is a foreign corporation with its principal place of business in Colorado. Eteroutremer is a Belgian corporation. SEEI is a Delaware corporation with its principal place of business in Delaware. All other Defendants and at least two-thirds of all plaintiffs[2] are Missouri citizens.

On July 22, 2009, NBL filed its Notice of Removal and notification was subsequently sent to Plaintiff's counsel at 2:58 p.m. CDT that day. (Doc. #1). Later that day, at 4:04 p.m. CST, Plaintiff faxed her Voluntary Dismissal Without Prejudice to the Clerk of Clinton Co. Circuit Court, which was filed in that court on July 23, 2009. (Doc. #12, Ex. B).

---

[2]NBL concedes this point. (Doc. #12, p. 3).

2

**II.    Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action from a state court to federal court if the federal court has original jurisdiction over the action. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The enactment of CAFA did not alter this proposition; "the party attempting to remove [a CAFA action] bears the burden of establishing subject matter jurisdiction." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Once jurisdiction has been established in a CAFA removal case, courts have held the burden shifts to the party seeking remand to demonstrate one of CAFA's exceptions apply. *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103, 1107 (D. Minn. 2009) (collecting cases). *See also Sundy v. Renewable Envtl. Solutions, L.L.C.*, No. 07-5069-CV-SW-ODS, 2007 WL 2994348, at *1 (W.D. Mo. Oct. 10, 2007).

**III.    Analysis**

The parties agree the basic elements of CAFA jurisdiction[3] are present in this case. However, Plaintiff argues the home state controversy exception[4] to CAFA jurisdiction is applicable and therefore remand is required. To demonstrate that the home state controversy exception applies,

---

[3] Those basic elements are (1) the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs; (2) the putative class has more than 100 members; and (3) minimal diversity, *i.e.* at least one member of the class of plaintiffs is a citizen of a different state than any defendant. 28 U.S.C. § 1332(d)(2).

[4] In her brief, Plaintiff mislabels § 1332(d)(4)(B) as the "local controversy" exception rather than the "home state controversy" exception for which it is generally known. *See Moua*, 613 F. Supp. 2d at 1107. Plaintiff abandoned the term "local controversy" exception in her Reply brief and therefore the Court will not discuss it.

3

Plaintiff must show (1) more than two-thirds of all plaintiffs are citizens of the state where the action is filed; and (2) all primary defendants are citizens of the state where the action is filed. 28 U.S.C. § 1332(d)(4)(B). "[A] 'primary defendant' has been understood to mean a defendant who (1) has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the asserted claims; or (5) is the only defendant named in one particular cause of action." *Moua*, 613 F. Supp. 2d at 1108. The Court need only look at the complaint to make a pre-trial determination of which Defendants are sued directly. *Kitson v. Bank of Edwardsville*, No. 06-528-GPM, 2006 WL 3392752, at *17 (S.D. Ill Nov. 22, 2006).

While Plaintiff now argues Prime Holding, a citizen of Maine, is not a primary defendant because she purportedly seeks only to impose vicarious liability on it, Plaintiff's Amended Petition evidences her intention to hold Prime Holding directly liable for her and class members' injuries. Nowhere in Plaintiff's Amended Petition does she allege her claims against Prime Holding are based on theories of vicarious liability, indemnification, or contribution. In fact, Plaintiff charges all Defendants, including Prime Holding, with the conduct she alleges caused her and class members' injuries. Plaintiff plainly and repeatedly asserts alleged facts and legal conclusions based on theories of direct liability against all Defendants. Courts have routinely held that when a complaint fails to distinguish among defendants as to theories of liability, all are considered primary defendants. *See e.g.*, *Moua*, 613 F. Supp. 2d at 1108-09; *Myers v. Jani-King of Philadelphia, Inc.*, No. 09-1738, 2009

WL 2394362, at *3-4 (E.D. Pa. Aug. 4, 2009).[5] Accordingly, the home state controversy exception is not applicable in this case and remand would be improper.[6]

## CONCLUSION

All threshold requirements for CAFA removal are satisfied and the home state controversy exception is not applicable. For these reasons, removal was proper. Plaintiff's Motion for Remand is therefore DENIED.[7]

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED: **September 2, 2009**

---

[5]Plaintiff asks the Court to use a "rational basis" test in determining whether Prime Holding is a primary defendant. The cases Plaintiff cites in support of this purposed "rational basis" test further confirm that where a complaint does not distinguish between theories of liability on its face, all defendants are considered primary defendants. *See Adams v. Fed. Materials Co.*, No. 5:05CV-90-R, 2005 WL 1862378, at *5 (W.D. Ky. July 28, 2005); *Brook v. UnitedHealth Group Inc.*, No. 06 CV 12954(GBD), 2007 WL 2827808, at *6 (S.D.N.Y. Sept. 27, 2007).

[6]Defendants Eteroutremer's, Susquehanna's, and SEEI's diverse citizenships are also fatal to Plaintiff's attempted invocation of the home state controversy exception despite her argument that she intends to dismiss the Rockwool Defendants. *See Dinkel v. Gen. Motors Corp.*, 400 F. Supp. 2d 289, 294 (D. Me. 2005) (holding in a CAFA case that defendant cannot "retroactively make the lawsuit improperly removed" by dismissing defendants).

[7]Plaintiff's request for an oral argument is DENIED as moot.

5